IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CHARLES HERBERT HALEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-16-331-D |
| JOE ALLBAUGH, | ) | |
| Respondent. | ) | |

# ORDER

Petitioner, a state prisoner appearing pro se, objects to the Magistrate Judge's Report and Recommendation ("Report" or "R&R") recommending that his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 be denied. Because Petitioner proceeds pro se, the Court construes his filings liberally, but will not act as his advocate in constructing his arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, the Court will not supply additional factual allegations to round out Petitioner's petition or construct a legal theory on his behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). For the reasons set forth below, the Court finds that Petitioner's objections are overruled and the R&R should be adopted in its entirety.

## BACKGROUND

On August 26, 2014, Petitioner pled guilty in Comanche County District Court to the offense of second-degree robbery after two or more felony convictions. Petitioner filed an appeal for post-conviction relief in which he alleged his trial counsel was ineffective for urging him to plead guilty and receive a sentence Petitioner alleges was unlawfully enhanced by invalid and "stale" former felony convictions. The trial court denied Petitioner's claim, finding that (1) Petitioner waived said arguments because he had failed to file a direct appeal, and (2) Petitioner failed to show that his counsel was constitutionally deficient or that counsel's performance resulted in prejudice. Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA) alleging three propositions of error: (1) ineffective assistance of counsel, (2) improper sentence enhancement, and (3) lack of proof on the element of "force or fear" with respect to his robbery conviction. The OCCA affirmed, stating Petitioner waived such arguments by failing to raise them during his guilty plea or file a direct appeal, and Petitioner had not demonstrated his counsel's performance was objectively unreasonable or the result of his plea would have been different.

Petitioner filed the present petition for habeas relief, again alleging ineffective assistance of counsel. Specifically, Petitioner contended his sentence was improperly enhanced based on the use of former convictions and his counsel was

ineffective for encouraging him to plead guilty despite the improper enhancements. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C) and Rule 72(b), Federal Rules of Civil Procedure. On November 12, 2016, Judge Erwin issued his R&R in which he found Petitioner's claims were without merit and should be dismissed. Regarding Petitioner's argument of an improperly enhanced sentence, Judge Erwin examined Petitioner's prior convictions and concluded that Petitioner's sentence was properly enhanced pursuant to 21 OKLA. STAT. § 51.1(B), which imposes an enhanced sentence of twenty years to life imprisonment if a defendant has been convicted of at least two felonies within ten years of the date he completed the last felony sentence.[1] Consequently, Judge Erwin further determined that the OCCA's rejection

---

[1] Specifically, § 51.1(B) states:

> Every person who, having been twice convicted of felony offenses, commits a subsequent felony offense which is an offense enumerated in Section 571 of Title 57 of the Oklahoma Statutes, within ten (10) years of the date following the completion of the execution of the sentence, and against whom the District Attorney seeks to enhance punishment pursuant to this section of law, is punishable by imprisonment in the State Penitentiary for a term in the range of twenty (20) years to life imprisonment. Felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location. Nothing in this section shall abrogate or affect the punishment by death in all crimes now or hereafter made punishable by death.

*Id*. Second-degree robbery is among the enumerated offenses cited in § 51.1(B). *See* 57 OKLA. STAT. § 571(2)(t).

3

of Petitioner's ineffective assistance of counsel claim was not contrary to, nor an unreasonable application of, prior Supreme Court precedent. Petitioner timely objected to the R&R in which he, liberally construed, asserts the same propositions set forth in his petition.

## STANDARD OF REVIEW

When reviewing the magistrate judge's Report and Recommendation, the Court will only modify or set aside any part of the Report that is clearly erroneous or is contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court must make a de novo review of those portions of the Report to which objection has been properly made. *Stanley v. McMillian*, 594 F. App'x 478, 480 (10th Cir. 2014) (unpublished) (citing *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). The "clearly erroneous" standard applies to the magistrate judge's factual findings, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), while legal conclusions are reviewed under the "contrary to law" standard. *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010).

## DISCUSSION

In order to obtain § 2254 habeas relief with respect to claims adjudicated on the merits in state court, a petitioner must show the state court adjudication resulted in a decision that was either (1) contrary to clearly established federal law, as determined by the Supreme Court of the United States, (2) involved an unreasonable

application of clearly established federal law, as determined by the Supreme Court of the United States, or (3) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1)-(2). Under § 2254(d), this standard is "difficult to meet," *Cullen v. Pinholser*, 563 U.S. 170, 180 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 102 (2011)), and "highly deferential" to state-court rulings, which in turn mandates that state-court decisions be given "the benefit of the doubt." *See id.* (citing *Harrington, supra*; *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

A decision is contrary to federal law if the state court applied a rule different from the governing law set forth in previous Supreme Court cases, or if it decided a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Turrentine v. Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A decision involves an unreasonable application of federal law if the state court correctly identifies the governing legal principle from Supreme Court precedent, but unreasonably applies it to the facts of the particular case. *Id*. "Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." *Miles v. Dorsey*, 61 F.3d 1459, 1472 (10th Cir. 1995) (citation omitted).

**I**

Petitioner first objects to the magistrate judge's determination that his sentence was properly enhanced based on prior "stale" convictions. On this issue, the Court takes judicial notice of Petitioner's criminal history that is available on the Oklahoma Department Corrections' website, https://okoffender.doc.ok.gov/ (last accessed April 27, 2017). *See Triplet v. Franklin*, 365 F. App'x 86, 92 n. 8 (10th Cir. 2010) (unpublished) (taking judicial notice of ODOC's website pursuant to Rule 201, Federal Rules of Evidence); *Richards v. District Court of Comanche County*, No. CIV-13-149-M, 2013 WL 1855791, at *1 (W.D. Okla. Apr. 2, 2013) (taking judicial notice of ODOC's offender lookup page); *see generally Valley View Angus Ranch, Inc. v. Duke Energy Field Services, Inc.*, 497 F.3d 1096, 1107 n. 18 (10th Cir. 2007) (noting court may take judicial notice of its own records and files and facts which are part of the public record).

A review of these public records shows that the convictions used to enhance Petitioner's sentence were discharged/completed within ten years of Petitioner's robbery conviction. As stated *supra*, § 51.1(B) imposes an enhanced sentence of twenty years to life if a defendant has been convicted of at least two felonies within ten years of the date he completed the last felony sentence. Accordingly, the Magistrate Judge's conclusion that (1) Petitioner has failed to complete a ten-year span without committing another crime and (2) the prior felonies at issue were

properly used to enhance his record, finds support in the record and is not contrary to law. Petitioner's first objection is thus overruled.

## II

Petitioner next objects to the Magistrate Judge's recommendation that his claim of ineffective assistance of counsel be dismissed. A successful claim of ineffective assistance of counsel must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show his counsel's performance was deficient in that it "fell below an objective standard of reasonableness." *Id.* at 688. Second, the defendant must show that his counsel's deficient performance actually prejudiced his defense. *Id.* at 687. This means, "there is a reasonable possibility that, but for counsel's professional error, the result of the proceeding would have been different." *Id.* at 694.

As shown above, Petitioner's sentence was properly enhanced via prior felony convictions. Accordingly, his contention that his trial counsel erred in not objecting to the enhancement is without merit. The OCCA's rejection of Petitioner's *Strickland* claim was not contrary to clearly established federal law as determined by the Supreme Court. This contention is likewise overruled.

## CONCLUSION

The Magistrate Judge's Report and Recommendation [Doc. No. 13] is **ACCEPTED** and **ADOPTED** as set forth herein. A judgment shall be entered accordingly.

**IT IS SO ORDERED** this 1st day of May, 2017.

*[signature]*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE